## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 26-CV-63

JAMES ASHWORTH, an individual; LINDA BIRD, an individual; JUAN CARDOZA AVITIA, an individual; NICOLLE COLOME, an individual; MINDY COUTURE, an individual; TERRENCE GRIMES, an individual; NAJEE HILL, an individual; MICHAEL HOPE, an individual; SHARON MAGEE, an individual; TREVOR MOLL, an individual; KATHERINE NORTON, an individual; TARA SHANNON PRASAD a/k/a TARA CULLINANE, an individual; MELINA ROSSBACH, an individual; JOHN SEPULVEDA, an individual; NANCY STAHL, an individual; KRISTY AINA, an individual; KYLE SMITHERMAN, an individual; and LAURA MARTINEZ, an individual;

Plaintiffs,

v.

VELOCITY INVESTMENTS, L.L.C., a New Jersey limited liability company; and MOUNTAIN PEAK LAW GROUP, PC, a Colorado corporation,

Defendants.

---

## COMPLAINT

---

## I.    INTRODUCTION

1.    This is an action for damages brought by multiple consumers (each a "Plaintiff", collectively the "Plaintiffs") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2.    Plaintiffs bring this action as a mass joinder pursuant to Fed. R. Civ. P. 20(a)(1). Their claims arise out of a common course of conduct by Defendants: the unlawful attempt to collect consumer debts in direct violation of a binding, court-approved class action settlement and in contradiction of express representations made by Defendants regarding the cessation of collection activities.

## II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims—specifically the collection of consumer debts—occurred in this District.

///

///

### III.    PARTIES

#### A.    The Plaintiffs

5.    Plaintiff James Ashworth is an individual and resides in Arapahoe County, Colorado.

6.    Plaintiff Linda Bird is an individual and resides in Douglas County, Colorado.

7.    Plaintiff Juan Cardoza Avitia is an individual and resides in Morgan County, Colorado.

8.    Plaintiff Nicolle Colome is an individual and resides in Arapahoe County, Colorado.

9.    Plaintiff Mindy Couture is an individual and resides in Arapahoe County, Colorado.

10.    Plaintiff Terrence Grimes is an individual and resides in City and County of Denver, Colorado.

11.    Plaintiff Najee Hill is an individual and resides in El Paso County, Colorado.

12.    Plaintiff Michael Hope is an individual and resides in El Paso County, Colorado.

13.    Plaintiff Sharon Magee is an individual and resides in Adams County, Colorado.

14.    Plaintiff Trevor Moll is an individual and resides in Larimer County, Colorado.

15.    Plaintiff Katherine Norton is an individual and resides in Adams County, Colorado.

16.    Plaintiff Tara Shannon Prasad a/k/a Tara Cullinane is an individual and resides in Douglas County, Colorado.

17.    Plaintiff Melina Rossbach is an individual and resides in the City and County of Denver, Colorado.

18.    Plaintiff John Sepulveda is an individual and resides in Jefferson County, Colorado.

19.    Plaintiff Nancy Stahl is an individual and resides in El Paso County, Colorado.

20.    Plaintiff Kristy Aina is an individual and resides in Douglas County, Colorado.

21.    Plaintiff Kyle Smitherman is an individual and resides in El Paso County, Colorado.

22.    Plaintiff Laura Martinez is an individual and resides in Adams County, Colorado.

#### B.    The Defendants

23.    Defendant Velocity Investments, L.L.C. ("Velocity") is a New Jersey limited liability company with its primary business address at 1800 State Route 34, Suite 305, Bldg. 3,

Wall Township, NJ 07719.

24.    Defendant Velocity is in the business of purchasing defaulted consumer debts and collecting them through the telephone, mail, and litigation.

25.    Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26.    Defendant Mountain Peak Law Group, PC ("Mountain Peak") is a Colorado corporation with a business address of 101 E Gray St Ste B, Norman, OK 73069.

27.    Mountain Peak is a collection law firm that is in the business of representing debt collectors and debt buyers in the collection of defaulted consumer debts through litigation.

28.    Mountain Peak represented Velocity in filing collection actions in Colorado state courts for the collection of consumer debts.

29.    Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## IV.    COMMON FACTUAL ALLEGATIONS

30.    Velocity initiated and maintained collection lawsuits against each of the Plaintiffs in various Colorado state courts.

31.    Each of the debts that Defendants sought to collect from each Plaintiff was an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

32.    Each debt Velocity was suing to collect was a "debt" as defined by 15 U.S.C. § 1692a(5).

33.    Mountain Peak represented Velocity in some, but not all, of the individual collection actions against the Plaintiffs.

34.    Mountain Peak sued non-party Alissa Mathias in an action to collect a consumer debt on behalf of Velocity (the "Mathias Action").

35.    In the Mathias Action, Alissa Mathias filed class action counterclaims against Defendant Velocity.

36.    Velocity hired counsel to defend the counterclaims filed in the Mathias Action.

37.    Mountain Peak remained counsel of record throughout the pendency of the Mathias Action.

38.    Mountain Peak did not withdraw from representing Velocity during the pendency of the Mathias Action.

39.    The Mathias Action resulted in a binding, court-approved Settlement Agreement that provided relief to a class of consumers, which included all Plaintiffs named in this action.

40.    Mathias's counsel served Mountain Peak a copy of the Settlement Agreement.

41.    Mountain Peak was actually or constructively aware of the Settlement Agreement and the terms thereof.

42.    The class settlement in the Mathias Action was adopted, approved, and made a preliminary and then final order of the court.

43.    Each Plaintiff is a member of the class certified by the court in the Mathias Action.

44.    The Court served Mountain Peak with a copy of the order preliminarily approving the class settlement.

45.    In connection with the Mathias Settlement, Velocity explicitly represented to the Court, to Mathias, to Class Counsel, and to the Class that it had ceased all collection activities against class members—including the Plaintiffs herein—as of February 28, 2025.

46.    Under the terms and representations of the Mathias Settlement and the corresponding court order, Velocity was required to, *inter alia*, cease collection efforts and/or dismiss pending collection lawsuits against class members regarding certain consumer debts.

47.    Notwithstanding the binding nature of the Mathias Settlement, the court order making it effective, and Velocity's express representation that collection had ceased as of February 28, 2025, Velocity continued collect from the Plaintiffs after that date.

48.    Even after being told that it had continued to collect payments on accounts that it had represented it had stopped collecting, Velocity continued to collect payments on those accounts.

49.    Velocity's class defense counsel represented to the court in the Mathias Action and the Class that Velocity would issue refunds to class members.

50.    Notwithstanding these representations, Velocity has failed to issue all such refunds as represented, including refunds due to the Plaintiffs herein.

### COUNT I: VIOLATIONS AS TO PLAINTIFF ASHWORTH
### (Against Defendant Velocity Only)

51.    Plaintiff Ashworth incorporates by reference the allegations of paragraphs 1 through 50.

52.    At all times relevant to this action, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff is a natural person who was allegedly obligated to pay a debt.

53.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Ashworth primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

54.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business

the principal purpose of which is the collection of debts.

55.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Ashworth after February 28, 2025.

56.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

57.    Plaintiff Ashworth was a member of the settlement class in the Mathias Action.

58.    Defendant Mountain Peak did not serve as collection counsel for Velocity in the individual collection action against Plaintiff Ashworth.

59.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Ashworth has suffered damages, including the wrongful collection and detention of money.

60.    Plaintiff Ashworth is entitled to statutory damages of $1,000.00, plus attorney fees and costs.

### COUNT II: VIOLATIONS AS TO PLAINTIFF BIRD
### (Against Both Defendants)

61.    Plaintiff Bird incorporates by reference the allegations of paragraphs 1 through 50.

62.    At all times relevant to this action, Plaintiff Bird was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Bird is a natural person who was allegedly obligated to pay a debt.

63.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Bird primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

64.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

65.    Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

66.    Plaintiff Bird was a member of the settlement class in the Mathias Action.

67.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Bird after February 28, 2025.

68.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

69.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Bird has suffered damages, including the wrongful collection and detention of money.

70.    Plaintiff Bird received a partial refund from Velocity's collection counsel.

71.    Plaintiff Bird is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

## COUNT III: VIOLATIONS AS TO PLAINTIFF CARDOZA AVITIA
### (Against Both Defendants)

72.    Plaintiff Cardoza Avitia incorporates by reference the allegations of paragraphs 1 through 50.

73.    At all times relevant to this action, Plaintiff Cardoza Avitia was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Cardoza Avitia is a natural person who was allegedly obligated to pay a debt.

74.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Cardoza Avitia primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

75.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

76.    Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

77.    Plaintiff Cardoza Avitia was a member of the settlement class in the Mathias

Action.

78.     Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Cardoza Avitia after February 28, 2025.

79.     This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

80.     As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Cardoza Avitia has suffered damages, including the wrongful collection and detention of money.

81.     Plaintiff Cardoza Avitia is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

### COUNT IV: VIOLATIONS AS TO PLAINTIFF COLOME
### (Against Both Defendants)

82.     Plaintiff Colome incorporates by reference the allegations of paragraphs 1 through 50.

83.     At all times relevant to this action, Plaintiff Colome was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Colome is a natural person who was allegedly obligated to pay a debt.

84.     The underlying debt at issue arose out of a transaction entered into by Plaintiff Colome primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

85.     Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

86.     Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

87.     Plaintiff Colome was a member of the settlement class in the Mathias Action.

88.     Despite Velocity's express representation to the court that it had ceased collection

activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Colome after February 28, 2025.

89.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

90.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Colome has suffered damages, including the wrongful collection and detention of money.

91.    Plaintiff Colome is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

### COUNT V: VIOLATIONS AS TO PLAINTIFF COUTURE
### (Against Both Defendants)

92.    Plaintiff Couture incorporates by reference the allegations of paragraphs 1 through 50.

93.    At all times relevant to this action, Plaintiff Couture was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Couture is a natural person who was allegedly obligated to pay a debt.

94.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Couture primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

95.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

96.    Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

97.    Plaintiff Couture was a member of the settlement class in the Mathias Action.

98.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Couture after

February 28, 2025.

99.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

100.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Couture has suffered damages, including the wrongful collection and detention of money.  These damages include, but are not limited to, economic damages for loss of use of funds and emotional distress.

101.    Plaintiff Couture is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

### COUNT VI: VIOLATIONS AS TO PLAINTIFF GRIMES
### (Against Both Defendants)

102.    Plaintiff Grimes incorporates by reference the allegations of paragraphs 1 through 50.

103.    At all times relevant to this action, Plaintiff Grimes was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Grimes is a natural person who was allegedly obligated to pay a debt.

104.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Grimes primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

105.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

106.    Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

107.    Plaintiff Grimes was a member of the settlement class in the Mathias Action.

108.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Grimes after February 28, 2025.

109. This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

110. As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Grimes has suffered damages, including the wrongful collection and detention of money.

111. Plaintiff Grimes is entitled to statutory damages of $1,000.00, plus attorney fees and costs.

## COUNT VII: VIOLATIONS AS TO PLAINTIFF HILL
### (Against Both Defendants)

112. Plaintiff Hill incorporates by reference the allegations of paragraphs 1 through 50.

113. At all times relevant to this action, Plaintiff Hill was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Hill is a natural person who was allegedly obligated to pay a debt.

114. The underlying debt at issue arose out of a transaction entered into by Plaintiff Hill primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

115. Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

116. Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

117. Plaintiff Hill was a member of the settlement class in the Mathias Action.

118. Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Hill after February 28, 2025.

119. This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10)

(prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

120.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Hill has suffered damages, including the wrongful collection and detention of money.

121.    Plaintiff Hill is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

## COUNT VIII: VIOLATIONS AS TO PLAINTIFF HOPE
### (Against Both Defendants)

122.    Plaintiff Hope incorporates by reference the allegations of paragraphs 1 through 50.

123.    At all times relevant to this action, Plaintiff Hope was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Hope is a natural person who was allegedly obligated to pay a debt.

124.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Hope primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

125.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

126.    Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

127.    Plaintiff Hope was a member of the settlement class in the Mathias Action.

128.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Hope after February 28, 2025.

129.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

130.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Hope has suffered damages, including the wrongful collection and detention of money.

131.    Plaintiff Hope is entitled to statutory damages of $1,000.00, plus attorney fees and costs.

### COUNT IX: VIOLATIONS AS TO PLAINTIFF MAGEE
### (Against Both Defendants)

132.    Plaintiff Magee incorporates by reference the allegations of paragraphs 1 through 50.

133.    At all times relevant to this action, Plaintiff Magee was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Magee is a natural person who was allegedly obligated to pay a debt.

134.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Magee primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

135.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

136.    Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

137.    Plaintiff Magee was a member of the settlement class in the Mathias Action.

138.    Plaintiff Magee received a partial refund from Velocity's collection counsel.

139.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Magee after February 28, 2025.

140.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

141.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff

Magee has suffered damages, including the wrongful collection and detention of money.

142.    Plaintiff Magee is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

## COUNT X: VIOLATIONS AS TO PLAINTIFF MOLL
### (Against Both Defendants)

143.    Plaintiff Moll incorporates by reference the allegations of paragraphs 1 through 50.

144.    At all times relevant to this action, Plaintiff Moll was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Moll is a natural person who was allegedly obligated to pay a debt.

145.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Moll primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

146.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

147.    Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

148.    Plaintiff Moll was a member of the settlement class in the Mathias Action.

149.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Moll after February 28, 2025.

150.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

151.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Moll has suffered damages, including the wrongful collection and detention of money.

152.    Plaintiff Moll is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

## COUNT XI: VIOLATIONS AS TO PLAINTIFF NORTON
### (Against Both Defendants)

153.    Plaintiff Norton incorporates by reference the allegations of paragraphs 1 through 50.

154.    At all times relevant to this action, Plaintiff Norton was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Norton is a natural person who was allegedly obligated to pay a debt.

155.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Norton primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

156.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

157.    Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

158.    Plaintiff Norton was a member of the settlement class in the Mathias Action.

159.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Norton after February 28, 2025.

160.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

161.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Norton has suffered damages, including the wrongful collection and detention of money.

162.    Plaintiff Norton is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

## COUNT XII: VIOLATIONS AS TO PLAINTIFF PRASAD
### (Against Both Defendants)

163.    Plaintiff Prasad incorporates by reference the allegations of paragraphs 1 through 50.

164.    At all times relevant to this action, Plaintiff Prasad was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Prasad is a natural person who was allegedly obligated to pay a debt.

165.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Prasad primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

166.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

167.    Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

168.    Plaintiff Prasad was a member of the settlement class in the Mathias Action.

169.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Prasad after February 28, 2025.

170.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

171.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Prasad has suffered damages, including the wrongful collection and detention of money.

172.    Plaintiff Prasad is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

## COUNT XIII: VIOLATIONS AS TO PLAINTIFF ROSSBACH
### (Against Both Defendants)

173.    Plaintiff Rossbach incorporates by reference the allegations of paragraphs 1 through 50.

174.    At all times relevant to this action, Plaintiff Rossbach was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Rossbach is a natural person who was allegedly obligated to pay a debt.

175.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Rossbach primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

176.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

177.    Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

178.    Plaintiff Rossbach was a member of the settlement class in the Mathias Action.

179.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Rossbach after February 28, 2025.

180.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

181.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Rossbach has suffered damages, including the wrongful collection and detention of money.

182.    Plaintiff Rossbach is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

## COUNT XIV: VIOLATIONS AS TO PLAINTIFF SEPULVEDA
### (Against Defendant Velocity Only)

183.    Plaintiff Sepulveda incorporates by reference the allegations of paragraphs 1 through 50.

184.    At all times relevant to this action, Plaintiff Sepulveda was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Sepulveda is a natural person who was allegedly obligated to pay a debt.

185.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Sepulveda primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

186.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

187.    Plaintiff Sepulveda was a member of the settlement class in the Mathias Action.

188.    Defendant Mountain Peak did not serve as collection counsel for Velocity in the individual collection action against Plaintiff Ashworth.

189.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Sepulveda after February 28, 2025.

190.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

191.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Sepulveda has suffered damages, including the wrongful collection and detention of money.

192.    Plaintiff Sepulveda is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

## COUNT XV: VIOLATIONS AS TO PLAINTIFF STAHL
### (Against Both Defendants)

193.    Plaintiff Stahl incorporates by reference the allegations of paragraphs 1 through 50.

194.    At all times relevant to this action, Plaintiff Stahl was a "consumer" as defined by

15 U.S.C. § 1692a(3), as Plaintiff Stahl is a natural person who was allegedly obligated to pay a debt.

195.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Stahl primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

196.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

197.    Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

198.    Plaintiff Stahl was a member of the settlement class in the Mathias Action.

199.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Stahl after February 28, 2025.

200.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

201.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Stahl has suffered damages, including the wrongful collection and detention of money.

202.    Plaintiff Stahl is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

## COUNT XVI: VIOLATIONS AS TO PLAINTIFF AINA
### (Against Both Defendants)

203.    Plaintiff Aina incorporates by reference the allegations of paragraphs 1 through 50.

204.    At all times relevant to this action, Plaintiff Aina was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Aina is a natural person who was allegedly obligated to pay a debt.

205.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Aina

primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

206.   Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

207.   Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

208.   Plaintiff Aina was a member of the settlement class in the Mathias Action.

209.   Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Aina after February 28, 2025.

210.   This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

211.   As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Aina has suffered damages, including the wrongful collection and detention of money.

212.   Plaintiff Aina is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

## COUNT XVII: VIOLATIONS AS TO PLAINTIFF SMITHERMAN
### (Against Both Defendants)

213.   Plaintiff Smitherman incorporates by reference the allegations of paragraphs 1 through 50.

214.   At all times relevant to this action, Plaintiff Smitherman was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Smitherman is a natural person who was allegedly obligated to pay a debt.

215.   The underlying debt at issue arose out of a transaction entered into by Plaintiff Smitherman primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

216.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

217.    Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

218.    Plaintiff Smitherman was a member of the settlement class in the Mathias Action.

219.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Smitherman after February 28, 2025.

220.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

221.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Smitherman has suffered damages, including the wrongful collection and detention of money.

222.    Plaintiff Smitherman is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

### COUNT XVIII: VIOLATIONS AS TO PLAINTIFF MARTINEZ
### (Against Both Defendants)

223.    Plaintiff Martinez incorporates by reference the allegations of paragraphs 1 through 50.

224.    At all times relevant to this action, Plaintiff Martinez was a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff Martinez is a natural person who was allegedly obligated to pay a debt.

225.    The underlying debt at issue arose out of a transaction entered into by Plaintiff Martinez primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

226.    Defendant Velocity is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

227.    Defendant Mountain Peak is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it is a person or entity that uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

228.    Plaintiff Martinez was a member of the settlement class in the Mathias Action.

229.    Despite Velocity's express representation to the court that it had ceased collection activities as of February 28, 2025, its binding agreement—made an order of the court—not to collect these debts in the future, and its attorney's representation to the court in the Mathias Action that it would issue refunds, Velocity continued collection activities against Plaintiff Martinez after February 28, 2025.

230.    This continued collection activity constitutes a violation of 15 U.S.C. § 1692e (prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting the use of any false representation of the character, amount, or legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt); 15 U.S.C. § 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect any debt); and 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount not permitted by law).

231.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff Martinez has suffered damages, including the wrongful collection and detention of money.

232.    Plaintiff Martinez is entitled to actual damages and statutory damages of $1,000.00, plus attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, jointly and severally as prayed for in each count, as follows:

A.    For each Plaintiff, awarding actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.    For each Plaintiff, awarding individual statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C.    Awarding Plaintiffs their reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

D.    Awarding pre-judgment and post-judgment interest; and

E.    Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: January 7, 2026

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com